IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ORDER |
| Plaintiff, | |
| | 19-cr-149-wmc |
| v. | |
| SHANNON DONOHO, | |
| Defendant. | |

---

This matter is proceeding to trial on July 20, 2020, and the court held a final hearing on July 14, 2020, at which counsel for both sides and the defendant appeared in person. The court will also hold a brief, follow-up hearing via videoconference **on Thursday July 16, 2020, at 2:30 p.m.**, to resolve any remaining issues before trial. The following order memorializes the court's basic rulings during yesterday's hearing.

*First*, the updated, attached orientation remarks, voir dire, jury instructions and verdict form reflect the discussion during the hearing. The only remaining dispute between the parties appears to be over the definition of "lascivious exhibition of the genitals" in the post-trial jury instructions. While the court declined to include the *Dost* factors consistent with Seventh Circuit law, the following definition has been included in the latest draft:

> Mere nudity is not enough to make an image a lascivious exhibition of the genitals or the pubic area, nor is complete nudity a requirement. A **lascivious exhibition of the genitals or pubic area** is an exhibition that

>calls attention to the genitals or pubic area for the purpose of eliciting a sexual response in the viewer.

The parties have until **noon tomorrow** to submit further proposals and/or briefing with respect to this definition.

*Second*, as to the government's notice of intent to offer evidence (dkt. #49), the court agreed with defense counsel that certain websites and search terms are highly inflammatory, and thus, insofar as the search terms or website searches describe or suggest images and videos that are more extreme than those actually recovered, the government may not offer them as evidence. For example, the court agreed that reference to the following web sites would be excluded: "11.Girl.around.8.yo%2C.blue.dress%2C.anally.fucked..Full.penetration.an.d.view.of.girl.VID-20140907-W.3gp"; and "5yo anal". On the other hand, more general evidence that defendant searched for or accessed child pornography websites on his computer, as well as less inflammatory websites names and search terms ("pthc"; "11 yo rayne"; "5yo april"; "Great super video pthc pack") may be introduced.

*Third*, as to the government's intent to introduce through witnesses certain statements Donoho made to law enforcement and others, the court indicated that defense counsel may elicit additional statements for context or clarification, but not independent exculpatory statements, under the standard set forth in *United States v. Li*, 55 F.3d 325, 330 (7th Cir. 1995) (citing *United States v. Velasco*, 953 F.2d 1467, 1475 (7th Cir. 1992)). Similarly, while Donoho's actual recorded or transcribed statements may not themselves be introduced in part or in whole without further leave of the court, defense counsel will

be given an opportunity to argue before his case in chief why certain of those statements should also be admitted for context or clarification under *Li*.

*Fourth*, the court granted in part the government's motion in limine to exclude evidence and argument by defense counsel challenging the timeliness of the forensic examinations of Donoho's electronic devices. (Dkt. #47.) In particular, the fact of the timing of the forensic examinations may be admitted, but counsel is to avoid any argument about the implications of that timing without further leave of the court. The court also granted the government's motion to exclude all reference to penalties.

*Fifth*, as to the testimony of Donoho's mother, the parties are to attempt to work out the details about her ability to testify remotely and advise the court as to any remaining issues at Thursday's videoconference.

ORDER

IT IS ORDERED that:

1. The government's motion in limine (dkt. #47) is GRANTED in part and DENIED in part, as set forth above.

2. The court will also hold a follow-up hearing via videoconference **on Thursday July 16, 2020, at 2:30 p.m.**, to resolve any remaining issues before trial.

Entered this 15th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge