IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | ORDER |
| Plaintiff, | |
| | 19-cr-149-wmc |
| v. | |
| SHANNON DONOHO, | |
| Defendant. | |

---

This matter is proceeding to trial on September 8, 2020, and the court will hold a final hearing via videoconference on Thursday September 3, 2020, at 2:00 p.m., with an ex parte hearing with defendant and his counsel to follow. In addition to any other matters the parties may raise, the court expects to address these remaining issues at the 2:00 p.m. hearing: (1) the definition of "lascivious exhibition of the genitals," in the closing instructions; (2) the effect of Court of Appeals for the Seventh Circuit's decision in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), on jury instructions regarding the production of child pornography charges; and (3) whether the *Howard* decision permits the court to reconsider its denial of defendant's motion to compel a bench trial. This opinion also addresses each of these issues in turn.

### 1. Definition of Lascivious Exhibition of the Anus, Genitals or Pubic Area

On July 29, 2020, after receiving the parties' further submissions on this definition, the court circulated a proposed definition of lascivious exhibition as follows:

1

> In order to determine whether a visual depiction is a **lascivious exhibition of the anus, genitals, or pubic area**, you must consider the overall content of the visual depiction, while taking into account the age of the child depicted. Mere nudity does not make an image lascivious. Instead, the image must tend to arouse sexual desire by the viewer. Accordingly, the focus of the image must be on the genitals *or* the image must be otherwise sexually suggestive. Ultimately, whether the government has proven an image is lascivious beyond a reasonable doubt is left to you to decide on the facts before you, applying common sense.

The court has received no further proposed modifications from the parties on these definitions. Unless either party wants to be heard further, the court will proceed with this definition in the instructions.

### 2. Proposed Modifications to the Instructions for Production of Child Pornography

In *Howard*, the Seventh Circuit addressed whether the prohibition on a "person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct" under 18 U.S.C. § 2251(a) necessarily "requires proof that the defendant did something to cause the minor to engage in sexually explicit conduct." 968 F.3d at 720. The government argues that the videos at issue in *Howard* raised this question because the minor in that case appeared to be asleep and fully clothed, with the defendant masturbating over her without touching or waking her. *Id.* at 719. Regardless, the Seventh Circuit concluded:

> The most natural and contextual reading of the statutory language requires the government to prove that the offender took one of the listed actions to cause *the minor* to engage in sexually explicit conduct for the purpose of creating a visual image of that conduct.

*Id.* at 721 (italics in original).

Accordingly, defendant's position is that the court should modify the production elements instruction to substitute the word "caused" for "used," citing that language from *Howard*. In response, the government agrees that the child -- not solely the defendant -- must engage in sexually explicit conduct to convict on a charge of production of child pornography, but opposes defendant's proposed modification. Specifically, the government argues that this change in terminology will confuse the jury, and require them to find that Donoho actually caused the minor victims to engage in the conduct depicted in the videos underlying the production charges. In support, the government would cabin the Seventh Circuit's analysis in *Howard* to the specific facts, emphasizing that the minor victim was fully clothed and asleep, while it was Howard, not the minor victim, who engaged in a sexual act (masturbation) without actually making physical contact with her.

As the government interprets *Howard*, that unique fact pattern compelled the court to consider whether the statute requires the minor -- and not the adult defendant -- to be engaging in sexually explicit conduct, not whether the defendant's actions actually *caused* the sexually explicit conduct. Under the government's reading, this question of causation simply is not part of this case. Rather, its theory here is:

> that the defendant used (or, as the defendant frames it, "caused,") the minors to engage in sexually explicit conduct when he positioned hidden video cameras in a way that captured them undressing, showering, and urinating. The sexually explicit conduct is not the fact that the minors are nude, but rather the fact that the minors are displaying their nude bodies to a camera, even when they do not realize that the display is occurring.

(Govt. Br. (dkt. #78) 3.) The government further contends that the Seventh Circuit assumed that videos like those Donoho allegedly produced could fall within the language

3

of the statute, since the court cited to cases involving sleeping minors that *were* engaged in sexually explicit conduct. *Howard*, 968 F.3d at 723.

A few of the cases the Seventh Circuit cited did, indeed, involve sleeping victims. *See United States v. Finley*, 726 F.3d 483, 488-89 (3d Cir. 2013) (district court did not err by instructing jury that a sleeping child can engage in sexually explicit conduct); *United States v. Vowell*, 516 F.3d 503, 507 (6th Cir. 2008) ("various sexual acts" performed on the body of a sleeping and drugged minor); *United States v. Wolf*, 890 F.3d 241, 242 (10th Cir. 1989) (partially nude and sleeping minor satisfied the definition of lascivious exhibition of the genitals or pubic area, since the primary focus of the photograph was the victim's bare genitals). The salient difference in those cases as opposed to *Howard* appears to be that each of those defendants made physical contact with the sleeping, sometimes nude or partially nude victims, but as the government points out, the victim did not need to be aware that he or she was being filmed to meet the definition of "used" under § 2251(a).

Although the Seventh Circuit has not addressed this question head-on, the majority of circuit courts and district courts agree that a defendant "uses" minor victims for purposes of § 2251(a) when filming them engaged in sexually explicit conduct without their knowledge. *See United States v. Skaggs*, 412 F. Supp. 3d 958, 969 (S.D. Ind. 2019) (citing *United States v. Theis*, 853 F.3d 1178 (10th Cir. 2017), which recognized that the Second, Third, Sixth and Eighth Circuits agree that the "uses" requirement in § 2251(a) is satisfied if the defendant intentionally films or photographs a minor's sexually explicit conduct). In *Skaggs*, the Southern District of Indiana further joined "other courts to have addressed the issue" that, while there is an "active component to 'use'" in § 2251(a), "that component

4

is fully satisfied for the purposes of the child pornography statute if the child is photographed in order to create pornography.'" *Id*. at 970 (quoting *United States v. Sirois*, 87 F.3d 34, 41 (2d Cir. 1996)).

Thus, while the government must prove that the depiction of the minors within those videos meets the definition of sexually explicit conduct *and* that the defendant "used" those minors to film them engaged in that conduct without their knowledge, the government need not prove the type of causal relationship that defendant seeks to read into the Seventh Circuit's reasoning in *Howard*. Accordingly, the court declines to adopt defendant's proposed substitution of the word "caused" for "used" in the instruction for the production counts.

### 3. Whether *Howard* Instructs this Court to Compel a Bench Trial

The parties agree that the Seventh Circuit did not decide one way or the other as to whether this court erred in denying plaintiff's motion to compel a bench trial in *Howard*. However, they part ways with respect to whether the Seventh Circuit may have been suggesting that a case like Donoho's -- involving images of nude minors -- may be so inflammatory that it would be impossible to empanel an impartial jury. Defendant's position tracks the same arguments made in *Howard*: the subject matter of the images and videos here are extremely distasteful and, thus, will likely result in a quick guilty verdict without meaningful deliberations. As evidence, defense counsel points to the fact that the

5

verdict in Howard took just 20 minutes, suggesting "that the jury could not get past its inherent disgust in the subject matter." (Def. Br. (dkt. #74) 4-5.)[1]

The vast majority of courts addressing this question agree with the government's position. Indeed, the government points out that the few instances when district courts have granted motions to compel a bench trial are when a case is particularly complex or when the defendant was associated with organized crime. *E.g., United States v. Braunstein*, 474 F. Supp. 1 (D.N.J. 1979) (bench trial warranted because of complexity of case, involving 5 defendants, 19 counts of Medicaid fraud and income tax fraud, 40 witnesses, and 465 exhibits); *United States v. Panteleakis*, 422 F. Supp. 247 (D.R.I. 1976); *United States v. Schipani*, 44 F.R.D. 461 (E.D.N.Y. 1968) (evidence linking defendant to organized crime created compelling reason for a bench trial).

This case does not involve a substantial amount of complicated evidence, nor would the evidence link the defendant to the specter of unrelated crimes. Moreover, defendant has not come forward with any other decision in which a court compelled a bench trial in an analogous case. To be fair, the reason this question has not been litigated could be that these cases typically plead out or the government agrees to a bench trial.

So the court is left with the speed by which the jury convicted in the *Howard* case, and the unquestionably offensive, even criminal, actions of the defendant's actions here, to determine whether the substantial risk that Donoho will not receive an impartial jury,

---

[1] Defendant also repeats his concerns about holding a jury trial during the COVID-19 pandemic. The court need not revisit that concern, except to repeat its obligation to mitigate the risks associated with jury service, as reflected by the voir dire, screening questions and social distancing requirements within the courthouse.

despite the court's best efforts. As defendant points out, the instructions in that case were not a proper reading of § 2251(a), so that may have facilitated the quick verdict. Still, defendant suggests that the defendant's circumstances in Howard presented a closer call, which should have prompted *some* discussion by the jury about the meaning of "used." Yet that the jury still quickly convicted, seemingly without need for discussion. The court continues to struggle with this issue. Agreeing that defendant's position relies on speculation about the jury's consideration of the evidence and instructions in *Howard,* the court will reserve until hearing from the parties tomorrow and, perhaps, until completion of *voir dire*.

    SO ORDERED.

    Entered this 2nd day of September, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge