IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SHANNON DONOHO,

        Defendant.

OPINION & ORDER

19-cr-149-wmc

---

Beginning next Tuesday, September 8, 2020, this criminal case was scheduled to proceed to trial before a jury on: one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2); one count of attempted production of child pornography in violation of 18 U.S.C. § 2251(a); and eight counts of production of child pornography in violation of 18 U.S.C. § 2251(a). (Dkt. #52.) At any time, the challenge of seating an impartial jury in such cases is substantial, as is the strain put on the members of the jury itself in having to view profoundly disturbing images.[1] With the backdrop of continued challenges in managing COVID-19 risks during jury selection and trial, as well as the strain on jury members dealing with their own, personal COVID-19 challenges (whether work or family related), these concerns are all heightened. Finally, and ultimately for the court decisively, this case presents excruciatingly difficult jury instruction issues after the Seventh Circuit's decision in *United States v. Howard*, 968 F.3d 717 (7th

---

[1] The latter strain for jurors is by now well documented and has led this court to offer counseling services to jurors at the close of such cases. The former challenge in selection can vary substantially from case to case, but it is not unusual for members of the panel to excuse themselves legitimately because of an inability to be objective given the subject matter.

Cir. 2020). For all these reasons, as was explained to the parties during an earlier zoom hearing today, the court found itself left with two, less than ideal alternatives: conduct a bench trial or postpone this jury trial until the spring of 2021. Since the defendant has repeatedly waived his right to a jury trial, formally moved to compel a bench trial, as well as now waived his right to a speedy trial through that time frame, that choice was for the government to make.

Through substantial advance planning and certain amount of luck, our court was able to hold its first criminal jury trial successfully, and it will continue to do so when necessary, including in child pornography cases.[2] The frustrating aspect of forging ahead with the present jury trial is that is seems almost wholly unnecessary. As noted, the defendant has not only waived his right to a criminal jury and speedy trial, but moved to compel a bench trial. Although the court initially denied that motion in light of the government's objection, the court has repeatedly asked it to reconsider in light of *Howard*.

The uncertain, mixed questions of closely-related law and fact under the production counts created by the Seventh Circuit's decision in *Howard* are: (1) whether or not the defendant's surreptitious video-taping of young children using a toilet or taking a shower constitute "sexually explicit conduct" within the meaning of § 2252(a); and (2) whether this video-taping satisfies the requirement that he "caused" the minors to engage in sexually explicit conduct, rather than "used" them to do so. Particularly with respect to the second

---

[2] This would be only the second jury trial of *any* kind conducted by this court since the onset of the COVID-19 pandemic.

question, "use" was the relevant verb in the statute, while "cause" is arguably now the proper verb that a jury must find based on the *Howard* court's apparent statutory construction.

In the *Howard* decision itself, the Seventh Circuit also acknowledged the challenges presented for a jury to remain impartial in making these fine assessments after viewing patently offensive images. 968 F.3d at 719. If anything, the difficulty will be even greater in this case than in *Howard*, as the jury will also be shown *far* more disturbing, sexually explicit images of children engaged in sex acts that this defendant possessed on his computer, which are the subject of the lone possession count.

For reasons that can only be guessed at, the government has insisted on its right to proceed with a jury trial in this case, a right that is now inscribed in the Federal Rules of Criminal Procedure and repeatedly affirmed by appellate courts, including the Seventh Circuit. *See* Fed. R. Crim. P. 24(a); *United States v. Clark*, 943 F.2d 775, 784 (7th Cir. 1991). Indeed, the Supreme Court has only recognized one exception to the government's general right to insist on a criminal jury trial over a defendant's motion to compel a bench trial based on an inability to sit an impartial jury. *See Singer v. U.S.*, 380 U.S. 24 (1965).

In ordinary times, this court would certainly find that it is possible, if challenging, to seat an impartial jury in a case like this. So the question becomes whether the additional strains of COVID-19, including ongoing health risks and the appropriate triaging of cases given the court's limited resources, justify compelling a bench trial. For

at least one federal district judge, the answer to that question in this period of uncertain COVID-19 risks is "yes." *See United States v. Cohn*, No. 19-CR-97 (GRB), 2020 WL 5050945 (E.D.N.Y. Aug. 26, 2020). In *Cohn*, the defendant, a former employee of the Securities and Exchange Commission, was charged with obstruction of justice and unauthorized disclosure of confidential information. *Id.* at *1. The June 2020 trial date was stricken in light of the COVID-19 pandemic, and although rescheduled to commence in September, the defendant sought to compel a bench trial, citing his Sixth Amendment right to a speedy trial. *Id*. at *3. Beyond discussing the competing constitutional rights and thorny legal questions associated with compelling the government to agree to a bench trial, *id.* at *7-*11, the court took pains to lay out the substantial challenges courts face in attempting to maintain social distancing protocols while ensuring the defendant a fair trial. *Id.* at *4. In ultimately compelling a bench trial, the court cited the following reasons: the length of time the charges had been pending (since February 2019); the immense challenge and uncertainties associated with providing a jury trial in an ascertainable time frame; the complexity of the case (involving "weeks of testimony and hundreds of thousands of pages of documents"); the defendant's age and health, which subjected him to risk if he chooses to testify; the public interest in bringing the charges to trial; and the possibility of jury confusion with respect to evidentiary issues. *Id.* at *1. Although the government's case here is readily distinguishable for a number of reasons, this decision lends credence to the notion that the challenges of the COVID-19 pandemic grants some

leeway to courts to consider whether to proceed with a jury trial in a criminal case. Indeed, many districts across the country are holding *no* criminal jury trials at this juncture.

There is also some authority for requiring the government to proceed with a bench trial, including the Seventh Circuit's recognition of the advantages on very similar facts and charges to those here in *Howard* itself. 968 F.3d at 719. Particularly striking to this court is the government's repeated failure to articulate any reason why this case should proceed to a jury, either in response to the defendant's motion to compel a bench trial or in response to this court's repeated invitations to articulate a basis, other than that this is the government's right. While more than adequate in ordinary times, the response is especially grating in light of the difficulty of conducting criminal jury trials in this district since COVID-19. The obvious elephant in the room is that the U.S. Attorney is proceeding with a single count of possession, which will allow a parade of horrifying pictures of the worst sort of child pornography and almost certainly result in a conviction, while maintaining nine more attempted production or actual production counts based on the defendant's disgusting, albeit separate practice of secretly video-taping minor children engaged in using the toiler or showering. While plainly a state crime, the question at trial will be whether it is also a crime under § 2251(a). Obviously, the government would prefer a lay jury consider those counts than a judge, which is its right, however much the court would prefer that some accommodation be made in light of COVID-19 *and* however much, if tried to the bench, any mixed question of law and fact can be explicitly ruled upon

and able to be challenged by either side on appeal, substantially reducing the real risk of a retrial or attachment of double jeopardy.

Nevertheless, absent clear authority to compel a bench trial, the court is chary to hold that the government must relinquish its right. Instead, the court gave the government a choice: (1) proceed with a criminal bench trial as scheduled next Tuesday *or* (2) reschedule this trial for March 2021, when the court will hopefully have better guidance from the Seventh Circuit based on similar cases already pending before that court and tools to manage COVID-19 risks based on criminal trials that must necessarily proceed, as well as improved diagnostic and treatment protocols for COVID-19 (or even the promise of a vaccinated pool of jurors from which to draw). *See Keiser v. The Monroe Clinic*, No. 19-cv-315-jdp, dkt. ##252, 258 (W.D. Wis.) (granting joint motion to postpone jury trial in light of concerns about COVID-19). This is hardly an ideal solution, but at least it attempts to balance the government's right to a criminal jury trial against other compelling interests in securing a just, speedy and inexpensive determination of this highly unusual case.[3]

---

[3] Should the government decide to seek a writ of mandamus from this opinion and order, the court's only request of the parties, already expressed today orally, is to seek some clarification from the Seventh Circuit as to the application of the *Howard* decision on the specific facts here, which have already been briefed and ruled upon by this court. If nothing else, this can help avoid the necessity of trying this lawsuit a second time.

ORDER

The government, having chosen during the hearing today to proceed with rescheduling of a jury trial in March, IT IS ORDERED that the current trial date is STRUCK and this matter is referred to Magistrate Judge Crocker for rescheduling.

Entered this 4th day of September, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge